JS-6
O

# United States District Court
# Central District of California

| | |
|---|---|
| MICHELE DOBSON, individually, and ANNE MARY FLYNN, as Guardian Ad Litem of M.W.D. and D.T.W., | Case No. 2:15-cv-9648-ODW(JPR) |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE [81, 83, 85, 88]** |
| v. | |
| STATE OF CALIFORNIA; COUNTY OF LOS ANGELES; LONG BEACH POLICE DEPARTMENT; DEPARTMENT OF CHILDREN AND FAMILY SERVICES OF THE COUNTY OF LOS ANGELES; DEPARTMENT OF HUMAN SERVICES SYSTEMS OF THE COUNTY OF LOS ANGELES; SHANNON STEVENSON; KELLY CALLAHAN; BILLY FOSTER; SARAI GARCIA; HELENE HANDLER; ROBERT MUNOZ; JAMIE ESTRADA; DI LINDA BOSSENMEYER; BRITTANI | |

1  JOHNSON; KAIRON WILLIAMS;
2  SUSAN JEOUNG; LONG BEACH
3  UNIFIED SCHOOL DISTRICT; LAURA
4  WHEELS; IDA MOSCOSCO; LAW
5  OFFICES OF MARLENE FURTH;
6  CHILDRENS LAW CENTER OF
7  CALIFORNIA; CAMP FIRE WRAP
8  USA; and JENNIFER CANTALAN,
9              Defendants.

## I.   INTRODUCTION

Before the Court are four Motions to Dismiss Plaintiff Michele Dobson's Second Amended Complaint ("SAC").  For the reasons discussed below, the Court **GRANTS** each Motion as unopposed and **DENIES** leave to amend.

## II.   FACTUAL BACKGROUND

Plaintiff Dobson's allegations are well-known to this Court.  On December 16, 2016, Plaintiff, proceeding pro se, filed her original Complaint in this matter, bringing at least sixteen claims for relief, including: Fourth Amendment unlawful entry, seizure, search and "removal" violations; First Amendment violations; Fourteenth Amendment interference with familial relations, continued detention, and "presentation of false evidence" violations; as well as state law claims for intentional infliction of emotional distress, malicious prosecution, "failure to protect," legal malpractice, medical malpractice, interference with economic relations, and negligent hiring and supervision.  (Compl. ¶¶ 213–371, ECF No. 4.)

On February 18, 2016, the Court granted then-Defendant Daniel Kramon's Motion to Dismiss the entire Complaint after Plaintiff failed to file a timely opposition or non-opposition.  (First MTD Order 4, ECF No. 51.)  The Court gave Plaintiff until

March 14, 2016 to amend her pleadings.  (*Id.* 5.)

Plaintiff filed her First Amended Complaint ("FAC") on March 11, 2016.  (ECF No. 58.)  Reiterating the same nonsensical claims, this pleading managed to build on the original Complaint's 300 pages and clocked in at a staggering 324 pages.  The Court *sua sponte* dismissed the FAC for failing to comply with the minimal pleading requirements of Rule 8 and instructed Plaintiff to cure the deficiencies by April 15, 2016.  (Second MTD Order 5–7, ECF No. 70.)

Now before the Court is Plaintiff's third bite at the apple: her SAC.  (ECF No. 73.)  This operative Complaint is slightly abbreviated, in that it only measures 93 pages.  Again, Plaintiff seeks injunctive relief and damages against 22 Defendants, including the City of Long Beach, the County of Los Angeles, and myriad individual officers and private citizens (collectively "Defendants").  (*Id.*)  From what the Court can ascertain, Plaintiff claims that the County of Los Angeles, the City of Long Beach, and various local government agencies and individuals violated her rights and those of her two minor children when her daughter was removed from her home due to concerns of child abuse.[1]

Defendants Law Offices of Marlene Furth, County of Los Angeles, Camp Fire USA, Long Beach Unified School District, Ida Moscosco, and Laura Wheels filed four separate Motions to Dismiss.  (ECF Nos. 81, 83, 85, 88.)[2]  Each argue that the entire SAC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*Id.*)  In addition, the County of Los Angeles and the Law Offices of Marlene Furth argue for dismissal under Rule 8.  (ECF Nos. 81, 83.)  Camp Fire USA and the Law Offices of Marlene Furth also move for dismissal under Rule 12(b)(1).  (ECF Nos. 81,

---

[1]  After multiple attempts to file nonconforming, longwinded, and untimely Applications for Guardian Ad Litem Status, the Court struck her representative capacities from the SAC.  (ECF No. 76.)  On April 21, 2016, Anne Mary Flynn, the minors' godmother, applied for Guardian Ad Litem Status.  (ECF No. 77.)  The Court granted the application and reinstated the causes of action asserted on behalf of the minors.  (ECF No. 79.)

[2]  Defendant Daniel Kramon also filed a Motion to Dismiss.  (ECF No. 80.)  The Court granted his motion separately, finding that Plaintiff abandoned her claims against Kramon by failing to mention Kramon in the SAC.  (ECF No. 84.)  Daniel Kramon is no longer a party to this action.

85.)

Plaintiff failed to timely oppose any of these Motions.  Any opposition to the Motions filed by the Law Offices of Marlene Furth, Camp Fire USA, the Long Beach Unified School District, Ida Moscosco, and Laura Wheels was due on May 23, 2016. Opposition to the County's Motion was due May 16, 2016, and while Plaintiff did manage to file an opposition, it was untimely—and filed three times.  (ECF Nos. 90–92.)

### III.   LEGAL STANDARD

Local Civil Rule 7-9 requires a party opposing a motion to file an opposition or statement of non-opposition at least twenty-one days before the noticed hearing date. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).  Even though the court has an obligation to liberally construe their pleadings, "pro se litigants are bound by the rules of procedure."  *Ghazali*, 46 F.3d at 54.  Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

### IV.   DISCUSSION

The Court finds that Plaintiff clearly violated Local Rule 7-9 by failing to file timely oppositions or non-oppositions to any of the Motions pending before the Court. The Motions filed by the Law Offices of Marlene Furth, Camp Fire USA, the Long Beach Unified School District, Isa Moscosco, and Laura Wheels had a noticed hearing

date of June 13, 2016, and any opposition was due on May 23, 2016.  (ECF Nos. 81, 85, 88.)  No such oppositions were filed.  The County's Motion to Dismiss had a noticed hearing date of June 6, 2016, with an opposition deadline of May 16, 2016.  (ECF No. 83.)  However, Plaintiff did not oppose this Motion until May 19, 2016.  (ECF Nos. 90–92.)

The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motions to Dismiss in their entirety.  *See Ghazali*, 46 F.3d at 53.  While public policy and the availability of less drastic sanctions would usually counsel in favor of denial of the motion, Plaintiff's consistent disregard for the Court's time and resources outweighs this inclination.

Moreover, coupled with Plaintiff's current disregard for court deadlines is the fact that this Court previously granted a Motion to Dismiss for similar reasons.  When the Court entered its first dismissal order, it clearly laid out a litigant's obligation to follow court rules and deadlines and explained that the failure to file a timely opposition will signal to the court that the litigant does not oppose the motion— regardless of the litigant's pro se status.  (First MTD Order 3–4 (citing *Ghazali*, 46 F.3d at 53).)  Plaintiff's consistent disregard of deadlines throughout this litigation shows that the Court's offers of second, third, and sometimes fourth chances were for naught and its benefit of the doubt misplaced.  The Court will not make that mistake again.  Plaintiff's unfailing inability to follow court rules not only caused significant delay and wasted precious judicial resources; it also forced Defendants to file up to three Motions to Dismiss each within the last five months.  *See Sun World, Inc. v. Lizarazu Olivarria*, 144 F.R.D. 384, 390 (E.D. Cal. 1992).  Accordingly, the Court will not continue to entertain Plaintiff's nonsensical ramblings if she cannot even adhere to basic court deadlines.

//

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motions to Dismiss as unopposed, and does so with prejudice.  Due to Plaintiff's utter lack of respect for this Court's time and resources and her refusal to follow court orders, the Court directs the Clerk of Court to close this case.

**IT IS SO ORDERED.**

May 25, 2016

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**