Avi Burkwitz, Esq., Bar No.: 217225
ABurkwitz@pbbllp.com
Gil Burkwitz, Esq., Bar No.: 289337
GBurkwitz@pbbllp.com
Jessica Y. Lee, Esq., Bar No.: 2828671
JLee@pbbllp.com
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Attorneys for Defendant,
COUNTY OF LOS ANGELES (erroneously sued as Department of Children, Family Services of Los Angeles County, and Harbor UCLA Hub)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michele A. Dobson, Individually, Michele A. Dobson, as Guardian Ad Litem for Dante T. Wilson, Individually, An 11 year old Minor, and 7 year old Minor Meara Dobson Wilson, Individually, <br><br>Plaintiffs, <br>vs. <br><br>State of California, County of Los Angeles, City of Long Beach, Long Beach Police Department, Department of Children and Family Services of the County of Los Angeles, Department of Human Services Systems of the County of Los Angeles, Shannon Stevenson, Individually/Nurse Practitioner, Kelly Callahan, M.D., Individually, Officer Billy Foster, Individually, Sarai Garcia, Individually, Helene Handler, Individually, Robert Munoz, Individually, Jamie Estrada, Individually, DI Linda Bossenmeyer (562) 497-3524, Individually, Brittani Johnson (562) 497-3524, Individually, Kairon Williams (562) 497-3726, Individually, (562) 497-3524, Susan Jeoung, Esq. of County Counsel, Individually; Long Beach Unified School District, Laura Wheels, Individually, and Ida Moscosco, Individually; Law Offices of Marlene Furth, Children's Law Center of California ("CLC"), CAMP FIRE WRAP USA, the Wrap Program, Jennifer Cantalan, | Case No.: 15-CV-09648-ODW-JPR <br>Assigned to the Honorable: Otis D. Wright II- Courtroom 11 <br>Magistrate Judge: Jean P. Rosenbluth <br><br>**DEFENDANT COUNTY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT OR ORDER PURSUANT TO F.R.C.P. 60(b)(1)** <br><br>Date:     August 1, 2016 <br>Time:    1:30 P.M. <br>Dept.:    11 <br><br>Complaint Filed: December 17, 2015 |

1

**DEFENDANT COUNTY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT OR ORDER PURSUANT TO F.R.C.P. 60(b)(1)**
Case No.: 15-CV-09648-ODW-JPR

n:\files\1669-dobson (cola)\pleadings\p-opp to plts mtn to set aside jmt - final.docx

Individually, Dr. Daniel Kramon, Individually,

                  Defendants.

Defendant, COUNTY OF LOS ANGELES (erroneously sued as Department of Children and Family Services of the County of Los Angeles, Department of Human Services Systems of the County of Los Angeles, and Harbor UCLA Hub), respectfully submits this opposition to Plaintiffs, Michele Dobson (hereinafter "Plaintiff Mother"), M.D.W., and D.T.W's (hereinafter collectively "Plaintiffs") Motion for Relief from Judgment or Order regarding the Court's May 25, 2016 Order granting the COUNTY OF LOS ANGELES' (hereinafter the "County") Motion to Dismiss Plaintiffs' Second Amended Complaint and closure of the case (Dkt. No. 94).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiffs' continuous violations of this Court's Orders and their disregard for the Federal Rules of Civil Procedure are well-known to this Court. Despite numerous opportunities, Plaintiffs failed to follow the Court's rules and deadlines, and now attempt to circumvent the very consequence of their actions, by bringing a motion that sets forth no legal authority or analysis, which would warrant the Court to set aside the Order granting the County's Motion to Dismiss and dismissing the action. Instead, Ms. Dobson essentially argues that the dismissal should be set aside as her failure to timely oppose the County's Motion to Dismiss was due to the fact that she did not want to burden her staff with calendaring the Opposition date. However, Ms. Dobson's explanation is insufficient to demonstrate "mistake, inadvertence, surprise, or excusable neglect" for purposes of granting relief under Fed. R. Civ. Proc. §60(b)(1). Accordingly, Plaintiffs' Motion should be denied.

2

**DEFENDANT COUNTY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT OR ORDER PURSUANT TO F.R.C.P. 60(b)(1)**
Case No.: 15-CV-09648-ODW-JPR

n:\files\1669-dobson (cola)\pleadings\p-opp to plts mtn to set aside jmt - final.docx

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This civil action arises out of the alleged removal of Plaintiff M.D.W. The crux of Plaintiffs' allegations against the County is that the County failed to train its social workers, and encouraged and ratified their conduct, which caused Plaintiff M.D.W. to be improperly detained. However, as noted in the County's previous motion to dismiss, Plaintiffs have failed to set forth any legal basis for relief against the County. Further, plaintiffs have continued to allege the same claims for relief despite being provided with legal authority precluding those claims from proceeding.

On December 17, 2016, Plaintiffs filed their Complaint setting forth eighteen claims for relief under the Fourth and Fourteenth Amendments and various state law theories, against the County of Los Angeles, the City of Long Beach, and various agencies and individuals. (Dkt. No. 4).

On February 18, 2016, the Court granted Defendant Daniel Kramon, M.D.'s (hereinafter "Defendant Kramon") Motion to Dismiss and dismissed Plaintiffs' entire Complaint for failure to file a timely opposition. (Dkt. No. 51). Thereafter, on March 11, 2016, Plaintiffs filed their First Amended Complaint ("FAC") (Dkt. No. 58). The Court *sua sponte* dismissed the FAC for failing to comply with the minimal pleading requirements of Fed. R. Civ. Proc. Rule 8 and instructed Plaintiffs to cure the deficiencies by April 15, 2016 (No. 70).

On April 15, 2016, Plaintiffs filed their Second Amended Complaint ("SAC"). (Dkt. Nos. 72-75). Various Defendants filed Motions to Dismiss Plaintiffs' Second Amended Complaint. (Dkt. Nos. 81, 83, 85, 88). The County's Motion to Dismiss was filed on April 29, 2016. (Dkt. No. 83). Plaintiffs' Opposition to the County's Motion was due on May 16, 2016 (Dkt. No. 94). Plaintiffs did not oppose the County's Motion until May 18, 2016. (Dkt. Nos. 90-92). Not only did Plaintiffs fail to timely oppose the County's Motion, Plaintiffs' filed three (3) separate Oppositions. (Id). On May 25, 2016, the Court granted the

3

**DEFENDANT COUNTY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT OR ORDER PURSUANT TO F.R.C.P. 60(b)(1)**
Case No.: 15-CV-09648-ODW-JPR

n:\files\1669-dobson (cola)\pleadings\p-opp to plts mtn to set aside jmt - final.docx

County's Motion to Dismiss as unopposed, with prejudice, and directed the Clerk of Court to close the case. (Dkt. No. 94).

Plaintiffs now bring the instant Motion for granting relief under Fed. R. Civ. Proc. Rule 60(b)(1). (Dkt. No. 95).

### III. ARGUMENT

#### A. Standard for Relief Under Fed. R. Civ. Proc. Rule 60(1)

Federal Rule of Civil Procedure 60(b)(1) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for… mistake, inadvertence, surprise, or excusable neglect." In order to seek relief under Rule 60(b)(1), the movant must demonstrate that his mistake, inadvertence, surprise or excusable neglect was unexpected and unavoidable rather than the result of carelessness. In re M/V Peacock, 809 F.2d 1403, 1405 (9th Cir. 1987). Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1). See Smith v. Stone, 308 F.2d 15, 18 (9th Cir. 1962) (attorney's failure to follow ordinary court procedures and rules was not excusable inadvertence or neglect under Rule 60(b).)

To determine whether an act or omission constitutes "excusable neglect" the court should take account of all relevant circumstances surrounding the party's omission, which include 1) danger of prejudice to the opposing party; 2) the length of delay and its potential impact on judicial proceedings; 3) the reason for delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). Here, Plaintiffs' excuse does not meet the standard of "excusable neglect" under the Pioneer factors to warrant relief under Fed. R. Civ. Proc. Rule 60(b)(1).

#### B. The County Will Be Prejudiced If Plaintiffs' Motion Is Granted

The County would be prejudiced if the Order granting the County's Motion to Dismiss SAC were set aside as the County was properly dismissed. As a

preliminary matter, there was no legal basis supporting Plaintiffs' claims against the County, as they were all predicated upon a theory of respondeat superior. However, a public entity cannot be held liable based on vicarious liability for the alleged wrongdoings of its employees brought pursuant to Section 1983. (*See* Monell v. Department of Social Services, 436 U.S. 658, 690-691 (1978); *see also,* City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

Further, Plaintiffs' continued violations of this Court's Orders, as well as the Federal Rules, provide that the County will be forced to incur unnecessary expenses in the continued litigation of this action. As the Court analyzed in its May 25, 2016 Order, "District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Dkt. No. 94.  Plaintiffs failed to comply with Local Rule 7-9, which requires a party to oppose a motion or file a statement of non-opposition at least twenty-one days before the noticed hearing date.  Despite the Court's previous instruction regarding compliance with Local Rule 7-9, Plaintiffs still failed to timely oppose the County's Motion to Dismiss SAC.  (Dkt. No. 51). Moreover, not only did Plaintiffs fail to comply with Rule 7-9, Plaintiffs improperly filed three oppositions, 64-pages total, asserting all but legal authority and analysis. If Plaintiffs' Motion is granted, the County would then be forced to continue to defend itself against claims for which it cannot reasonably ascertain and forced to face a myriad of other obstacles as a result of Plaintiffs' incessant failure to follow any procedural rules.  Thus, the prejudice to the County weighs in favor of denying Plaintiffs' Motion.

### C. The Potential Impact on the Proceeding Weighs in Favor of Denying Plaintiffs' Motion

As analyzed, above granting Plaintiffs' Motion will force the County, as well as all defendants, to continue litigating against claims for which they cannot reasonably ascertain.  Plaintiffs' lack of appreciation for the rules of this Court has

5

**DEFENDANT COUNTY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT OR ORDER PURSUANT TO F.R.C.P. 60(b)(1)**
Case No.:  15-CV-09648-ODW-JPR

n:\files\1669-dobson (cola)\pleadings\p-opp to plts mtn to set aside jmt - final.docx

already caused great delays and waste of judicial resources. Plaintiffs' Complaint was filed almost eight months ago and the parties are still in the initial stages of litigation because of Plaintiffs' inability to follow procedure. (Dkt. No. 4). To allow Plaintiffs to resume with this action would be an exercise of futility. Thus, the potential impact on the proceeding weighs in favor of denying Plaintiffs' Motion.

### D. The Cause of Plaintiffs' Omission Was Well Within Plaintiff Mother's Control and the Excuse Is Nothing More than Failure to Follow Ordinary Court Rules

Plaintiffs' untimely oppositions were due to the fact that Plaintiff Mother did not want to "burden her staff with the multitude of tasks associated with this civil suit and the Appeal on the dependency case if staff time could be avoided so Plaintiff Mother assumed the task of electronic calendaring." (Declaration of Michele A. Dobson in Support of Plaintiffs' Motion to Set Aside Judgment or Order at ¶16). Plaintiffs' excuse is nothing more than a failure to follow the ordinary court rules and procedures, which does not qualify for relief under Fed. R. Civ. P. Rule 60(b)(1). See Smith v. Stone, 308 F.2d 15, 18 (9th Cir. 1962). This Court had previously laid out Plaintiffs' obligation to follow the procedural deadlines and Plaintiffs' Complaint had been previously dismissed for failing to timely oppose Defendant Kramon's Motion to Dismiss. (See Dkt. No. 51). However, despite the Court's clear instructions and guidance, Plaintiff Mother still elected to calendar the deadlines for the opposition deadlines, although she admitted that she is "not skilled in electronic calendaring." (Declaration of Michele A. Dobson in Support of Plaintiffs' Motion to Set Aside Judgment or Order at ¶16). Accordingly, Plaintiffs' omission was well within their control and not justifiable for relief under Fed. R. Civ. Proc. Rule 60(b)(1).

### E. The Motion Is Not Brought in Good Faith

Plaintiffs' Motion is not brought in good faith. Plaintiffs' reason for missing the opposition deadline is an error with electronic calendaring, however, it is unclear

6

**DEFENDANT COUNTY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT OR ORDER PURSUANT TO F.R.C.P. 60(b)(1)**
Case No.: 15-CV-09648-ODW-JPR

n:\files\1669-dobson (cola)\pleadings\p-opp to plts mtn to set aside jmt - final.docx

why Plaintiffs' did not address this calendaring issue after Plaintiffs' failed to timely oppose Defendant Kramon's Motion to Dismiss and the Court's clear instructions to Plaintiffs' to comply with Local Rule 7-9. (See Dkt. No. 51). Plaintiffs received guidance as well as countless opportunities to follow the court rules and procedures, but have refused to comply. Plaintiffs' Motion makes no legal argument as to why they should be granted yet another opportunity to follow procedure. Instead, the Motion is permeated with irrelevant allegations, regurgitations of the complaint, and substantiated arguments that Defendants acted in bad faith in order to impede litigation. Plaintiffs' Motion makes no effort to show that relief pursuant to Fed. R. Civ. Proc. Rule 60(b)(1) is warranted. Accordingly, Plaintiffs' Motion is not brought in good faith and relief is not warranted.

## IV.   CONCLUSION

Based on the foregoing, the County respectfully requests the Court to deny Plaintiffs' Motion to Set Aside the Court's Order granting the County's Motion to Dismiss and Order dismissing the action.

DATED: July 11, 2016                    PETERSON · BRADFORD · BURKWITZ

By:  /s/
     Avi Burkwitz, Esq.
     Gil Burkwitz, Esq.
     Jessica Y. Lee, Esq.
     Attorneys for Defendant,
     COUNTY OF LOS ANGELES

7

DEFENDANT COUNTY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS'
MOTION TO SET ASIDE JUDGMENT OR ORDER PURSUANT TO F.R.C.P. 60(b)(1)
Case No.:  15-CV-09648-ODW-JPR

n:\files\1669-dobson (cola)\pleadings\p-opp to plts mtn to set aside jmt - final.docx

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On July 11, 2016, I served the foregoing document described as: **SHELL DOC,** on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED MAILING LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC MAIL:** I served the enclosed via e-mail transmission to each of the parties listed on the attached service list with an email address.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 11, 2016, at Burbank, California.

/s/
_____
Bertha Muñoz

**DEFENDANT COUNTY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT OR ORDER PURSUANT TO F.R.C.P. 60(b)(1)**
Case No.: 15-CV-09648-ODW-JPR

n:\files\1669-dobson (cola)\pleadings\p-opp to plts mtn to set aside jmt - final.docx

# SERVICE LIST

**RE:** **Dobson, Michele v. County Of Los Angeles**

**Case No.:** 15-CV-09648-ODW-JPR

| | |
|---|---|
| Michele A. Dobson, Esq.<br>**Law Offices of Michele A. Dobson**<br>Historic Belmont Heights<br>4117 East 4th Street<br>Long Beach CA 90814<br>T: (562) 433-7718<br>F: (562) 433-7719<br>E : madheartesq@gmail.com<br>www.longbeachesq.com<br>**Plaintiff In Pro Per** | Jonathan B. Cole, Esq.<br>David B. Owen, Esq.<br>**Nemecek & Cole**<br>15260 Ventura Blvd., Suite 920<br>Sherman Oaks, CA 91403-5399<br>T: (818) 788-9500<br>F: (818) 501-0328<br>E: down@nemecek-cole.com<br>E: jcole@nemecek-cole.com<br>E: pkaminsky@nemecek-cole.com<br>E: pshowman@nemecek-cole.com<br>**Attorneys for Defendant,**<br>**LAW OFFICES OF MARLENE FURTH** |
| Charles Parkin, City Attorney<br>Monte H. Machit, Assist. City Attorney<br>333 West Ocean Blvd., 11th Floor<br>Long Beach, CA 90802-4664<br>T: (562) 570-2200<br>F: (562) 436-1579<br>E: Monte.machit@longbeach.gov<br>E: Lori.vanskyhock@longbeach.gov<br>**Attorneys for Defendants,**<br>**CITY OF LONG BEACH (erroneously sued as LONG BEACH POLICE DEPARTMENT and WILLIAM (BILLY) FOSTER** | Dana John McCune, Esq.<br>Dominic A. Quiller, Esq.<br>**McCune & Harber, LLP**<br>515 S. Figueroa St., Suite 1100<br>Los Angeles, CA 90071<br>T: (213) 689-2500<br>F: (213) 689-2501<br>E: dmccune@mccuneharber.com<br>E: dquiller@mccuneharber.com<br>E: caoys@mccuneharber.com<br>**Attorneys for Defendant,**<br>**LONG BEACH UNIFIED SCHOOL DISTRICT** |
| O. BRANDT CAUDILL, JR., Esq.<br>JOAN E. TRIMBLE, Esq.<br>**Callahan, Thompson, Sherman & Caudill, Llp**<br>2601 Main Street, Suite 800<br>Irvine, California 92614<br>T: (949) 261-2872<br>F: (949) 261-6060<br>E: bcaudill@ctsclaw.com<br>E: jtrimble@ctsclaw.com<br>**Attorney for Defendant,**<br>**DANIEL KRAMON, Ph.D.** | |

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

9

**DEFENDANT COUNTY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT OR ORDER PURSUANT TO F.R.C.P. 60(b)(1)**
Case No.: 15-CV-09648-ODW-JPR

n:\files\1669-dobson (cola)\pleadings\p-opp to plts mtn to set aside jmt - final.docx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

i

DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP12(b)(6)
Case No.:  15-CV-09648-ODW-JPR

n:\files\1669-dobson (cola)\pleadings\p-opp to plts mtn to set aside jmt - final.docx