O

CASE CLOSED

# United States District Court
# Central District of California

| | |
|---|---|
| MICHELE DOBSON, individually, and ANNE MARY FLYNN, as Guardian Ad Litem of M.W.D. and D.T.W., <br><br>          Plaintiffs, <br><br>     v. <br><br>STATE OF CALIFORNIA; COUNTY OF LOS ANGELES; LONG BEACH POLICE DEPARTMENT; DEPARTMENT OF CHILDREN AND FAMILY SERVICES OF THE COUNTY OF LOS ANGELES; DEPARTMENT OF HUMAN SERVICES SYSTEMS OF THE COUNTY OF LOS ANGELES; SHANNON STEVENSON; KELLY CALLAHAN; BILLY FOSTER; SARAI GARCIA; HELENE HANDLER; ROBERT MUNOZ; JAMIE ESTRADA; DI LINDA BOSSENMEYER; BRITTANI | Case No. 2:15-cv-9648-ODW(JPR) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [95]** |

| | |
|---|---|
| JOHNSON; KAIRON WILLIAMS; SUSAN JEOUNG; LONG BEACH UNIFIED SCHOOL DISTRICT; LAURA WHEELS; IDA MOSCOSCO; LAW OFFICES OF MARLENE FURTH; CHILDRENS LAW CENTER OF CALIFORNIA; CAMP FIRE WRAP USA; and JENNIFER CANTALAN, <br><br>                    Defendants. | |

## I.   INTRODUCTION

Before the Court, yet again, is Plaintiff Michele Dobson. After the Court granted four of Defendants' unopposed Motions to Dismiss with prejudice, Plaintiff filed the instant Motion seeking relief from judgment. (ECF Nos. 94–95.) For the reasons discussed below, the Court **DENIES** Plaintiff's Motion and no relief from judgment will be rendered.

## II.   FACTUAL BACKGROUND

Plaintiff Dobson's allegations are all too familiar to this Court, and do not require another rehashing.[1] However, a journey through Plaintiff's procedural failures and her inability to abide by the Court's rules and admonishments will shed light on the Motion at bar.

On February 18, 2016, the Court granted then-Defendant Daniel Kramon's Motion to Dismiss the entire original Complaint after Plaintiff failed to file a timely opposition or non-opposition. (First MTD Order 4, ECF No. 51.) The Court explained that all opposition papers must be filed at least twenty-one days prior to the

---

[1] See this Court's May 25, 2016, Order Granting Defendants' Motions to Dismiss with Prejudice for a detailed accounting of Plaintiff's claims. (ECF No. 95.)

noticed hearing date and gave Plaintiff until March 14, 2016 to amend her pleadings. *See* Local Rule 7-9.  (First MTD Order 3, 5.)

Plaintiff filed her First Amended Complaint ("FAC") on March 11, 2016.  (ECF No. 58.)  Reiterating the same nonsensical claims, this pleading managed to build on the original Complaint's 300 pages and clocked in at a staggering 324 pages.  The Court *sua sponte* dismissed the FAC for failing to comply with the minimal pleading requirements of Rule 8 and instructed Plaintiff to cure the deficiencies by April 15, 2016.  (Second MTD Order 5–7, ECF No. 70.)

Plaintiff then filed a Second Amended Complaint ("SAC") on April 15, 2016. (ECF No. 73.)  In an exercise in brevity, Plaintiff's new operative Complaint measured "only" 93 pages.  Her overarching claims and accusations remained the same.  Yet again, several Defendants moved to dismiss the SAC.  (ECF Nos. 81, 83, 85, 88.)[2]  Each argued that the entire SAC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*Id.*)  In addition, the County of Los Angeles and the Law Offices of Marlene Furth argued for dismissal under Rule 8.  (ECF Nos. 81, 83.)  Camp Fire USA and the Law Offices of Marlene Furth also moved for dismissal under Rule 12(b)(1).  (ECF Nos. 81, 85.)  No opposition was filed in regards to the Law Offices of Marlene Furth, Camp Fire USA, Long Beach Unified School District, Ida Moscosco, or Laura Wheels Motions, and while Plaintiff *did* file an opposition to the County of Los Angeles' Motion, it was both three days late and filed in triplicate.[3]

The Court granted the Motions to Dismiss, finding Plaintiff in violation of Local Rule 7-9 and noting that "Plaintiff's consistent disregard of deadlines

---

[2] Defendant Daniel Kramon also filed a Motion to Dismiss.  (ECF No. 80.)  The Court granted his motion separately, finding that Plaintiff abandoned her claims against Kramon by failing to mention Kramon in the SAC.  (ECF No. 84.)  Daniel Kramon is no longer a party to this action.

[3] In her Motion for Relief from Judgment, Plaintiff claims that these oppositions were distinct—and that each represented an argument unique to either Plaintiff or her minor children. (Mot. for Relief from Judgment ("Mot.") 3, ECF No. 95.)  While the Court does acknowledge that these oppositions were slightly different in that the captions reflected a single plaintiff and the claims addressed were unique to him or her, the fact that she filed three untimely oppositions versus one does nothing to change the Court's calculus in denying her Motion for Relief from Judgment.

throughout this litigation shows that the Court's offers of second, third, and sometimes fourth chances were for naught and its benefit of the doubt misplaced." (Third Dismissal Order 4–5, ECF No. 94.) The day after the Court issued its third dismissal and closed this case, Plaintiff filed the instant Motion for Relief from Judgment and insisted that the lateness—or absence—of her oppositions constituted excusable neglect. (Mot. for Relief from Judgment ("Mot.") 4, ECF No. 95.) Defendant Camp Fire USA filed a timely opposition, and Defendant Law Offices of Marlene Furth joined that opposition. (ECF Nos. 96–97.) Defendant County of Los Angeles filed its own separate opposition. (ECF No. 98.) Plaintiff did not tender a timely reply. The Motion is now before the Court for decision.

### III. LEGAL STANDARD

Rule 60(b) provides for "extraordinary relief" in the face of "exceptional circumstances." *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (citations omitted). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The rule mandates that the moving party "show that its mistake was unexpected and unavoidable rather than careless." *In re M/V Peacock on Compl. of Edwards*, 809 F.2d 1403, 1405 (9th Cir. 1987) (citations omitted).

"To determine when neglect is excusable, we conduct the equitable analysis specified in *Pioneer* by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (per curiam).

However, these factors do not constitute "an exclusive list." *Briones*, 116 F.3d at 381; *Bateman*, 231 F.3d at 1223. "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

## IV. DISCUSSION

Plaintiff's arguments for Rule 60(b)(1) relief revolve around her magnanimous choice not to "burden" her law office's support team with her personal litigation matter, even though she is not comfortable with electronic calendaring. (Mot. 5–6.) This failure notwithstanding, she instead offers ample exposition as to Defendants' alleged roadblocks in effectuating service and satisfying the Court's meet-and-confer requirements.[4] (*Id.* 12–17.) With no mention of the Rule 60 standards or legal or factual support for the Motion at bar, she instead relies on considerations of "fairness" and dismisses her continuous disregard for the Federal Rules of Civil Procedure, the Local Rules of this District, and the repeated admonishments of this Court as nothing more than trivialities. (*See id.* 20–21.) She offers no legal authority for her contention that "it generally takes more than missing two court-imposed deadlines to meet this high standard of dismissal with prejudice." (*Id.* 22.)

The Court however, does not act in accordance with Plaintiff's internal sense of justice and must follow the guidance of *Pioneer* and its progeny. And while courts must construe a pro se litigant's arguments liberally, this does not mean pro se litigants are immune from court rules. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Accordingly, the *Pioneer* factors counsel denial of Plaintiff's Motion.

//

//

---

[4] Defendants, in turn, refute these allegations. (*See* Camp Fire USA Opp'n 8, ECF No. 96; Searles Decl. ¶¶ 3–7, ECF No. 96.)

### A. *Pioneer* Factors

The Court finds that all the four *Pioneer* factors weigh in Defendants' favor.

#### 1. Prejudice

The first *Pioneer* factor asks whether the granting of a Rule 60 motion would result in prejudice to the opposing party. *See Lemoge*, 587 F.3d at 1192. Because Defendants have suffered this litigation long enough, this factor weighs in favor of denial.[5]

Plaintiff filed the instant lawsuit over seven months ago, and despite this considerable time lag, the litigation remains in its initial stages. After three complaints and three rounds of Motions to Dismiss, the nearly two dozen Defendants in this action have exerted far too much energy already for a case whose moving litigant repeatedly misses court deadlines. With each rambling amended complaint came a barrage of Motions to Dismiss, and with each Motion to Dismiss came this Court's inevitable order granting those motions. To allow Plaintiff yet another opportunity to litigate her rambling claims while a team of lawyers expend energy to oppose her pleadings, just for Plaintiff to miss yet another clear court deadline, is to provide a prime example of the axiom, "fool me once shame on you; fool me twice shame on me."

#### 2. Length of Delay

*Pioneer* next asks whether Plaintiff's neglect has caused significant delay or otherwise had a deleterious influence on the proceedings. 507 U.S. at 395. As mentioned above, Plaintiff's inability to follow the Court's rules and file timely oppositions, even after the Court explained Local Rule 7-9's requirements, has caused

---

[5] While courts should also consider how a Rule 60 denial will prejudice the movant, *Lemoge*, 587 F.3d at 1195, such irreparable prejudices concern instances where a denial would leave a movant with no legal recourse—such as where a court's rejection of the motion leaves a claim outside the statute of limitations. *Id.*; *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004). However, Plaintiff's claims remain justiciable, and she is more than welcome to file them in state court after the doors of the federal court close behind her.

considerable delay. (*See* First MTD Order 3.) Nearly eight months later, the Court is not willing to see how much longer Plaintiff's neglect can draw out this litigation.

### 3. Reason for Delay

The third *Pioneer* factor asks the Court to assess a litigant's reasons for her neglect. 507 U.S. at 395. As with the previous factors, this, too, favors denial.

Plaintiff's stated reason for failing to timely oppose Defendants' Motions is that she did not want to "burden" her perfectly capable, technologically-savvy, legal support team with the calendaring of the deadlines in this matter. (Mot. 5.) Plaintiff, an attorney herself, claims she is "not as skilled in electronic calendaring" as her professional staff, but she nonetheless decided not to "burden" those trained in legal filings from managing this particular filing. (*Id.* 5–6.) How a lack of experience with electronic filing prevented Plaintiff from either reading the Local Rules or this Court's First MTD Order, which specifically laid out the deadlines for opposition papers, she does not say. The Court finds this reason insufficient, for if her unabashed negligence were enough to grant relief, the word "excusable" would lose all meaning. *See, e.g.*, *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962) (noting that counsel "has made a showing of carelessness and lack of proper regard for his duty as an attorney and an officer of the court, and no showing of inadvertence, excusable neglect, mistake, [or] surprise"); *Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 62 (1st Cir. 2003) ("[R]outine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect." (citing *Graphic Commc'ns Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6–7 (1st Cir. 2001); *Mirpuri v. ACT Mfg.*, 212 F.3d 624, 630–31 (1st Cir. 2000))).

As the Court in *Pioneer* noted, the requirement that the neglect be "excusable" is what "will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve." 507 U.S. at 395. Indeed, cases where courts have offered relief all involved extenuating circumstances explaining the failure to meet the relevant deadline. *Id.* at 398 (counsel failed to file

timely proof of claim because, contrary to usual practice, notice of the claims-filing deadline was placed in an inconspicuous area of the notice sent to creditors); *In re Zilog, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006) (same); *Bateman*, 231 F.3d at 1222–23 (counsel was required to travel to Africa due to a family emergency, and unsuccessfully sought an extension of time from defendant's counsel to oppose their motion for summary judgment); *Lemoge*, 587 F.3d at 1197 (counsel failed to timely serve a complaint in part because he had severe medical complications from a staph infection that required him to undergo "three surgeries, skin grafts, extensive therapy, and a full regimen of medications"); *but see Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (affirming district court's finding of excusable neglect for paralegal's misreading of a simple rule governing a filing deadline, but noting that "[h]ad the district court declined to permit the filing of the notice, we would be hard pressed to find any rationale requiring us to reverse"). Consequently, the Court concludes that this factor also favors Defendants.

### 4. Good Faith

Finally, the Court is not persuaded that Plaintiff acted in good faith when she failed to timely oppose Defendants' Motions to Dismiss the SAC. *See Lemoge*, 587 F.3d at 1194. Plaintiff knew the filing deadlines; as an attorney, she could have relied on her trusted staff to ensure deadline compliance, looked the rules up herself as her years in practice taught her *always* to do, or she could have simply read this Court's First MTD Order, which reiterated Local Rule 7-9's requirements. (*See* First MTD Order 3.) Nor does Plaintiff offer any reason for her miscalendaring other than that she is not "skilled in electronic calendaring." (Mot. 6.) With pen and paper not yet obsolete, the Court cannot find a failure to learn new technological tricks a good faith error.

//
//
//

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Relief from Judgment. (ECF No. 95.)

**IT IS SO ORDERED.**

August 1, 2016

_____
 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**